JOURNAL ENTRY AND OPINION
{¶ 1} This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1. Defendant-appellant Mohammad Almingdad a.k.a. Mohammed Almigdad ("defendant") appeals from the judgment of the trial court which denied his motion to vacate a guilty plea. For the reasons set forth below, we affirm the judgment of the trial court.
 {¶ 2} On March 3, 1993, the defendant, several co-defendants and their business, were indicted on several counts including trafficking in food stamps and possession of criminal tools. The defendant was indicted on two counts of trafficking in food stamps in violation of R.C. 2913.46. The defendant pleaded guilty to the offenses. At the plea hearing, the trial judge addressed all of the defendants. The trial judge asked the defendant if he was a United States citizen, to which he responded, "Legal alien, green card." The court thereafter stated:
 {¶ 3} "* * * I should make you aware that a finding of guilty could make you subject to deportation." (T. 12-13). The defendant acknowledged the risk and thereafter entered a guilty plea. He was sentenced to a one-year prison term, which was suspended. The defendant did not appeal the decision.
 {¶ 4} The defendant was allegedly deported to Jordan in 2000. In November 2001, he moved to vacate his guilty plea pursuant to R.C.2943.031, which the trial court denied without a hearing. It is from this ruling that the defendant now appeals, asserting one assignment of error for our review.
 {¶ 5} "The trial court erred when it overruled Appellant's Motion to Vacate Guilty Plea, without a hearing, when at the time of his plea the trial court failed to provide the advisement pursuant to R.C.2943.031(A) that he was subject to exclusion from the United States or denial of naturalization pursuant to the laws of the United States."
 {¶ 6} The defendant contends that although the trial court advised him of the risk of deportation upon a plea of guilty, its failure to provide a verbatim advisement pursuant to R.C. 2943.031 entitles him to have his guilty plea vacated.
 {¶ 7} R.C. 2943.031 provides, in relevant part:
 {¶ 8} "(A) Except as provided in division (B) of this section, prior to accepting a plea of guilty or a plea of no contest to an indictment, information or complaint charging a felony or a misdemeanor other than a minor misdemeanor if the defendant previously has not been convicted of or pleaded guilty to a minor misdemeanor, the court shall address the defendant personally, provide the following advisement to the defendant that shall be entered in the record of the court, and determine that the defendant understands the advisement.
 {¶ 9} "If you are not a citizen of the United States you are hereby advised that conviction of the offense to which you are pleading guilty * * * may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States. * * *
 {¶ 10} (D) Upon motion of the defendant, the court shall set aside the judgment and permit the defendant to withdraw a plea of guilty or no contest and enter a plea of not guilty by reason of insanity if, after the effective date of this section, the court fails to provide the defendant the advisement described in division (A) of this section, the advisement is required by that division, and the defendant shows that heis not a citizen of the United States and that the conviction of the offense to which he pleaded guilty or no contest may result in his being subject to deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States." (Emphasis added.)
 {¶ 11} Therefore, pursuant to the requirements of the statute, the defendant was required, upon motion, to demonstrate that he was not a citizen of the United States. R.C. 2943.031(D) This court has held that the record must affirmatively demonstrate that a defendant is not a citizen of the United States through affidavit or other documentation.State v. Almingdad, Cuyahoga App. No. 81200, 2003-Ohio-295; State v.Muller (1999), 134 Ohio App.3d 737 citing State v. Thomas (Mar. 18, 1993), Cuyahoga App. Nos. 63719, 63720. In this case, the defendant failed to offer any proof that he is a non-citizen. Therefore, having failed to satisfy this portion of R.C. 2943.031 (D), we find that the trial court properly denied his motion to vacate a guilty plea.
Judgment affirmed.
JAMES J. SWEENEY, J., concurs.
DIANE KARPINSKI, J., DISSENTS (SEE ATTACHED DISSENTING OPINION)